# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 29, 2012

No. 11-20708
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SEGUN DEBOWALE, also known as Oladapo James Afolabi,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CR-714-1

Before DeMOSS, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Segun Debowale pleaded guilty to conspiring to commit wire fraud. He seeks to appeal the sentence on the ground that it was based on an incorrect loss calculation. In his plea agreement, Debowale validly waived his right to appeal the sentence or the manner in which it was determined, save for two exceptions not relevant here. On appeal, he argues that the waiver should not be enforced because the Government breached the plea agreement.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As part of the plea agreement, the Government agreed not to oppose Debowale's request for a reduction for acceptance of responsibility. At the same time, the Government reserved its right to assert or dispute facts relevant to sentencing. At sentencing, Debowale told the court he had accepted responsibility but disavowed knowledge of wrong doing, telling to the court "I thought I was doing business; I thought I was helping." The court expressed incredulity that Debowale did not know he was committing a crime, and it asked the Government to explain "how the scheme essentially worked." The Government summarized the mechanics of the scheme and also noted that Debowale had previously been convicted in federal court for participating in the same type of scheme. When asked directly by the court whether it was possible Debowale did not know that what he was doing was wrong, the Government responded "I don't believe so." The court denied credit for acceptance of responsibility based on Debowale's assertion that he was unaware of wrong doing.

By reciting facts relevant to sentencing at the request of the district court, the Government did not breach its agreement not to oppose a request for a sentence reduction based on acceptance of responsibility. *See United States v. Pizzolato*, 655 F.3d 403, 410 (5th Cir. 2011). Because the appeal waiver was valid, and because the Government seeks to enforce it, we decline to consider Debowale's challenge to his sentence.

Debowale also contends that counsel was ineffective at sentencing. We decline to consider this claim on direct appeal because the record has not been sufficiently developed. *See United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006).

The judgment of the district court is AFFIRMED.